IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LARRY D. WANZO, ) | CASE NO.: 1:17 CV 1163 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| CITY OF CLEVELAND, ) | |
| ) | MEMORANDUM OPINION |
| Defendant. ) | AND ORDER |
| ) | |

This matter is before the Court on Defendant's Combined Motion to Dismiss and Motion for Summary Judgment. (ECF #17). Plaintiff has filed a response in opposition, and Defendant filed a reply in support of the motion. (ECF #19, 25). After careful consideration of the issues and a full review of the filings and all relevant authority, Defendant's Motion for Summary Judgment is, hereby, GRANTED in part and DENIED in part.

## FACTS AND PROCEDURAL HISTORY[1]

Mr. Wanzo filed his Complaint on June 5, 2017, alleging that he was wrongfully denied a promotion and later terminated due to his age. He also alleges that his termination was in retaliation for his filing a claim for age discrimination with the Equal Employment Opportunity Commission. (ECF #1). Mr. Wanzo was born on February 6, 1962. He was first hired by the City of Cleveland in 1986 as a playground aid. He was twenty-seven years old in 1989 when he started working full time as a Recreation Instructor II. He maintained that position until 1994. He advanced to Recreation Instructor III in 2006, and was promoted to Recreation Center Manager in 2006, when he was forty-four years old.

Through the course of his employment, Mr. Wanzo faced disciplinary actions multiple times. The most severe came in 2010, when he received a fifteen day suspension and was demoted to Assistant Center Manager following allegations of sexual harassment by a subordinate employee. Mr. Wanzo filed multiple unsuccessful appeals of the discipline imposed. Less than a year later, in May of 2011, the City underwent a round of layoffs that included the Assistant Recreation Center Manager position, and Mr. Wanzo was laid off. At the time he was considered a temporary appointee and had the least seniority in that position. He remained on the recall list for that position.

In January of 2012 Mr. Wanzo was re-hired for the part-time position of Recreation Instructor I. Following his re-hire, Mr. Wanzo applied for multiple other full-time positions with

---

[1] The agreed facts have been taken from the statements of the parties. In accordance with the applicable standards on a motion for summary judgment, disputed facts, for which some evidentiary support has been provided, have been stated in the light most favorable to the non-moving party, in this case, the Plaintiff.

the City. He was denied these positions and informed that in order to obtain full time placement he needed to apply and be placed on the relevant civil service eligibility list to be considered ahead of other applicants. The civil service rules state that part-time employees must "first apply and be placed on a civil service eligibility list before being hired full time to any position." (ECF #22, PageID 454). When he applied for and was denied the position of Recreation Instructor II, he filed a claim for age discrimination.

The Recreation Instructor II position came open in September of 2013. Mr. Wanzo applied along with eight other individuals. All of the other candidates were under twenty-five years of age. When he submitted his application, Mr. Wanzo was not on the civil service eligibility list for that position. Although he had completed the requirements in previous years, the City claims that his eligibility had long expired, although his personnel information document from January 10, 2012 shows a civil service status of "R" for regular. (ECF #22-9, PageID 502). The City contends that this notation indicated his prior status, and did not reflect his current standing.

The City hired Mr. Josaun Jackson for the position. Mr. Jackson was twenty years old at the time he was hired. Like Mr. Wanzo, Mr. Jackson was a part-time worker when he applied for the Recreation Instructor II position, and there is some evidence that he similarly was not on the civil service eligibility list for that position. His 2011 personnel information document appears to show no civil service status, while another from 2012 appears to list him as unclassified with the civil service. His personnel action justification form documenting his change to full-time employment also had a note attached indicating "these are not the minimum qualifications for this position," and "remove posting if he's ok." (ECF #22, PageID 458-59;

ECF #22-2, PageID 488; ECF #22-10, PageID 503; ECF #22-11, PageID 504). Mr. Jackson, at the time of hiring, had only ever worked for the city in a part-time position as a Recreational Instructor I, and had been in that position for less than two years. Mr. Wanzo had been with the City for the better part of twenty-four years, and had previously been a Recreational Instructor II, as well as having held higher management positions. There has been no evidence cited by either party that would show whether the other applicants had been on the civil service eligibility list, or if they were already full-time employees.

Following the denial of his September 2013 application for Recreation Instructor II, Mr. Wanzo filed a union grievance and filed a charge with the Ohio Civil Rights Commission alleging age discrimination. He also sought re-appointment to the civil service eligibility list for the position of Recreation Instructor II. He was placed on the list in October of 2014. He subsequently applied for an open Recreation Instructor II position at Glenville Recreation Center on March 2, 2015, and was hired. On March 17, 2015, the Division of Recreation Commissioner and the Mayor's Action Center both received emails containing a picture of Mr. Wanzo apparently sleeping in the Glenville Recreation Center during work hours.

When confronted with the email, Mr. Wanzo claimed that the picture showed him praying and not sleeping. Later he admitted that he was, in fact, sleeping, but claimed that the photo must have been taken during his lunch hour. He maintained that he sometimes slept during his lunch hour, and that it sometimes was in the public gymnasium where customers were present. He was still on his probationary period for the new position when this took place. According the affidavit of Sam Gissentaner, the Commissioner of Recreation for the City Department of Public Works, Division of Recreation, sleeping during business hours and in plain view of patrons

-4-

violates the Civil Service Rules of the City. (ECF #17-1, PageID 261, ¶13). Following a pre-disciplinary investigation, Mr. Wanzo was terminated on April 6, 2015 . His termination notice cited the fact that he was still on his 180 day probationary period, and that his performance "did not meet the required work standard of the Department." It also cited his violation of Civil Service Rule 9.10: 1, 3, 5, and 18.  (ECF #17-1, PageID 264).

## STANDARD OF REVIEW

A.  Dismissal Standard Under Fed. R. Civ. P. 12(b)(1)

The Federal Rules of Civil Procedure permit a party to seek dismissal of claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  A claim of discrimination may be dismissed for lack of subject matter jurisdiction if the claimant has not exhausted his administrative remedies. In determining whether administrative remedies have been exhausted, the court may take judicial notice of EEOC charges and related documents, including right to sue letters, without having to convert the motion into one for summary judgment. *Kovac v. Superior Dairy, Inc.*, 930 F.Supp. 2d 857, 862-63 (N.D. Ohio 2013).

B.  Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806 (6th Cir. 2011). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of

> informing the district court of the basis for its motion, and identifying those portions
> of 'the pleadings, depositions, answers to interrogatories, and admissions on file,
> together with affidavits, if any,' which it believes demonstrates the absence of a
> genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Although evidence may be presented in support of a summary judgment motion, the moving party need not support its motion with affidavits or similar materials that negate the non-mover's claim(s) if they can otherwise show an absence of evidence supporting the non-mover's case. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000). The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted); *see also, Arendate v. City of Memphis*, 519 F.3d 587 (6th Cir. 2008). In most civil cases involving

summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## ANALYSIS

A. <u>Age Discrimination Claim</u>

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an

employer "to fail or refuse to hire or to discharge . . . or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623(a)(1). Under the ADEA, a plaintiff "must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009). The burden is on an employment discrimination plaintiff to establish discrimination. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citations omitted).

A plaintiff may establish a claim of disparate treatment in one of two ways--via direct or indirect evidence. In this case, Mr. Wanzo does not contend that he has any direct evidence of age discrmination. In the absence of direct evidence of discriminatory intent, a plaintiff may establish a *prima facie* case of discrimination by showing that (1) he was a member of a protected class (over forty years old); (2) he suffered an adverse employment action; (3) he was otherwise qualified for the position; and, (4) a comparable non-protected person was treated better. *Mitchell*, 964 F.2d at 582; *Tuttle v. Metro. Govt.*, 474 F.3d 307 (6th Cir. 2007); *Valley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995); *Richardson v. Wal-Mart Stores, Inc.*, 836 F.3d 698, 703 (6th Cir. 2016).

In applying this test, although the burden of persuasion remains with the plaintiff, the burden of production shifts between the parties. The Sixth Circuit has described this approach as follows: (1) the plaintiff must establish a prima facie case of discrimination; (2) the employer must articulate some legitimate, nondiscriminatory reason for its actions; and (3) the plaintiff must prove that the stated reason was in fact pretextual." *Harrison v. Metropolitan Gov't of Nashville and Davidson County*, 80 F.3d 1107, 1115 (6th Cir. 1996). In order to withstand

summary judgment, a plaintiff must come forward with evidence demonstrating that the defendant's articulated nondiscriminatory justification is not true. *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1166 (6th Cir. 1996), *amended on denial of reh'g*, 97 F.3d 833 (6th Cir. 1996); *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1082 (6th Cir. 1994). To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence (1) that defendant's proffered reasons for the adverse employment action had no basis in fact, (2) the proffered reasons did not actually motivate the action, or (3) the reasons were insufficient to motivate the adverse action. *Manzer*, 29 F.3d at 1082.

1. Age Discrimination in Connection with the Promotion

Mr. Wanzo, at the time he was passed over for promotion, was over forty years of age. He is therefore, is a member of a protected class based on his age. Defendant does not dispute that Mr. Wanzo suffered an adverse employment action when he was not chosen for promotion to the Recreation Instructor II position. The City does, however, assert that Mr. Wanzo was not qualified for the position because he was not on the civil service eligibility list for a full-time position. Defendant provided evidence of a civil service rule requiring placement on the eligibility list for full time employment, and cites some evidence that could show that a person who is not on the civil service eligibility list for a position does not receive preference in hiring for that position.[2]

---

[2]

Mr. Wanzo does not assert that he was entitled to a preference in hiring for this position. He claims that he was more qualified than a comparable younger applicant and was denied placement because of his age. Preference would only be relevant if Mr. Jackson was entitled to preference under the rules, and Mr. Wanzo was not. Defendant has made no

The City does not, however, cite any evidence to show that this was a posted qualification for the job at issue. Further, it does not provide evidence to show that the person who was hired for that position was, himself, on the civil service eligibility list, or that he was otherwise more qualified for the position than was Mr. Wanzo. Mr. Wanzo, on the other hand, has provided some evidence that would suggest that Mr. Johnson, the twenty year old who was hired for the position, was not on the civil service eligibility list for that position. His 2011 personnel information document appears to show no civil service status, while another from 2012 appears to list him as unclassified with the civil service, and his personnel action justification form documenting his change to full-time employment had a note attached indicating "these are not the minimum qualifications for this position," and "remove posting if he's ok." (ECF #22, PageID 458-59; ECF #22-2, PageID 488; ECF #22-10, PageID 503; ECF #22-11, PageID 504).

Mr. Wanzo also has provided evidence that his work experience made him more qualified for the position than Mr. Jackson. In fact, he provided evidence that he had previously held this position for five years, had performed well in that position, and had been promoted out of the position to positions of even more responsibility. Therefore, there is a question of fact as to whether placement on the civil service eligibility list was actually a qualification requirement for the job at issue. If neither Mr. Jackson or Mr. Wanzo were on the civil service eligibility list for the Recreation Instructor II position, they would be similarly situated in this regard, and the fourth element of the prima facie case for age discrimination would be satisfied, as well. There is no dispute that Mr. Wanzo has extensively more relevant experience that would qualify him for the

---

such claim. If neither applicant was entitled to a preference in hiring, preference has no bearing on whether Mr. Wanzo claim for age discrimination.

position than did Mr. Jackson. Therefore, if Jackson's civil service eligibility was comparable to Mr. Wanzo's, Mr. Wanzo can satisfy the requirements of establishing a prima facie case of age discrimination.[3]

Assuming, as we must, for purposes of this motion, that Mr. Wanzo will be able to prove his prima facie case of age discrimination, Defendant must posit a non-discriminatory reason for hiring Mr. Jackson rather than Mr. Wanzo for the position. The only reason Defendant has put forth, is that Mr. Wanzo was not on the civil service eligibility list for the position at the time Mr. Jackson was hired.[4] If a jury finds, based on the evidence outlined above, that Mr. Jackson was also not on the eligibility list, this would also constitute evidence that the stated non-discriminatory reason was mere pretext. If a jury were to find there is no validity to the proffered reason, and Mr. Wanzo was more qualified than the younger applicant who was hired, it could infer that the City acted with discriminatory intent, and potentially find that age discrimination was the but-for cause of his being denied the promotion.[5] For these reasons, Defendant's Motion

---

[3] Defendant's argument that other non-protected applicants were also turned down for the job has no relevance to the question at hand. Where there is only one position available, only one person can be hired. The fact that a single non-protected applicant was given the position over a comparable protected applicant is sufficient to establish a prima facie case, when the other elements are present, regardless of whether other non-protected individuals happened to be in the pool of denied applicants.

[4] Defendant alludes to disciplinary actions taken against Mr. Wanzo in prior years. It does not, however, contend that these actions influenced the decision not to promote Mr. Wanzo to the Recreation Instructor II position in 2013. Even if these prior actions were alleged to be non-discriminatory reasons to preference Mr. Jackson, the fact that Mr. Wanzo was later given a Recreational Instructor II position would create an issue of fact as to whether they were, in fact, legitimate, non-pretextual reasons for that decision.

[5] The fact that Mr. Wanzo was later promoted to a Recreational Instructor II position does

-11-

for Summary Judgment on the issue of age discrimination in relation to the Recreational Instruction II promotion is denied.

2. Age Discrimination in Connection with his Termination

a. Subject Matter Jurisdiction

Defendant alleges that this Court lacks subject matter jurisdiction over this age discrimination claim because Mr. Wanzo did not exhaust his administrative remedies with respect to such a claim. When a plaintiff seeks to file suit under the ADEA he must either first file a complaint concerning the alleged discrimination with the Equal Employment Opportunity Commission ("EEOC") and obtain a right to sue letter, or give the EEOC "not less than thirty days notice of an intent to file [a civil action]," . . ."within one hundred and eighty days after the alleged unlawful practice occurred." *Langford v. U.S. Army Corps of Engineers*, 839 F.2d 1192, 1193-94 (6th Cir. 1988). When proceeding based on a right to sue letter from the EEOC, a plaintiff may only present claims specifically raised or reasonably expected to grow out of the charge filed with the EEOC, or fall within the scope of the original EEOC investigation. *Waggoner v. Carlex Glass America, LLC*, 682 Fed. Appx. 412, 416 (6th Cir. 2017); *Watson v. Ohio Dep't of Rehab & Corr.*, 690 Fed. Appx. 885, 890 (6th Cir. 2017).

Mr. Wanzo admits that the EEOC claim he submitted in connection with his termination

---

not negate the possibility that the first promotion was denied him on account of his age. There is no evidence that other qualified, non-protected applicants applied for the position when Mr. Wanzo was hired. Further, by the time the second position came open, Mr. Wanzo had filed a charge of discrimination against Defendant, which could have altered the City's decision-making process for the second round of hiring. There is no evidence before the Court that could allow it to determine one way or the other whether his eventual hiring could be considered evidence of a non-discriminatory intent for his first denial of the position.

did not specifically raise the allegation of age discrimination. He contends, however, that because he charged that he was terminated in retaliation for his reporting of alleged age discrimination in connection with his prior denial of promotion, the issue of age discrimination should have been reasonably expected to grow out of that charge. He reasons that the investigation of his retaliation claim "would have involved an examination of [his] underlying claim for age discrimination." (ECF #19, at PageID 326). Although this statement may or may not be true, as Plaintiff, himself, recognizes, "[t]he entire basis for [his] retaliation claim is the previous allegation of age discrimination" in connection with the previously denied promotion. There was no allegation before the EEOC that his termination was the result of age discrimination.

Defendant does not challenge that the Court has jurisdiction over the claim of age discrimination in connection with the promotion, as Mr. Wanzo also filed an EEOC claim for discrimination over that hiring decision. However, even if the EEOC could have looked at his original claim of age discrimination in connection with the promotion when the City investigated his allegation of retaliation based on the filing of that claim, there would have been no reasonable expectation that it should also investigate the unbidden question of whether age discrimination also played a role in his termination. The Court, therefore, finds that an allegation of age discrimination in his termination is not reasonably expected to arise out his retaliation claim. Mr. Wanzo did not sufficiently raise the issue of age discrimination in his termination during his EEOC proceedings, and consequently, this claim has not been properly exhausted at the administrative level. His claim for age discrimination in connection with his termination is dismissed for want of subject matter jurisdiction.

### b. On the Merits

Even if the age discrimination claim associated with Mr. Wanzo's termination were not procedurally defaulted, it would have no merit. In order to show age discrimination in connection with his termination, Mr. Wanzo must establish that age discrimination was the but-for cause of his termination. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009). As he does not purport to have any direct evidence of discriminatory intent, he must, as previously mentioned, establish a *prima facie* case of discrimination by showing that (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and, (4) he was treated differently than members outside of the protected class. *Hodges v. City of Milford*, 918 F.Supp.2d 721, 734 (S.D. Ohio 2013). Defendant does not dispute that Mr. Wanzo has satisfied the first three elements of his claim. It does claim that there is no evidence that Mr. Wanzo was treated differently than younger members outside the protected class.

Mr. Wanzo was fired for sleeping on the job. He does not dispute that he was, in fact, sleeping in the Glenville Recreation Center, in plain view of patrons, during business hours. In addition, he admits that at one point during the investigation he lied and told the investigators that he was praying and not napping. Although he disputes the source of the photograph showing him sleeping, and claims that it must have been taken during his lunch break, the investigators were provided evidence by his supervisor that the time frame in which the photo was allegedly taken was not during his lunch break. Whether or not this is actually true, this is information that the decision makers had before them, and they had every right to judge the credibility of the two accounts. Further, whether or not he was on his lunch break, the Commissioner of Recreation for the City Department of Public Works, Division of Recreation, attested that sleeping during

business hours and in plain view of patrons violates the Civil Service Rules of the City. (ECF #17-1, PageID 260-61, ¶13). Mr. Wanzo does not dispute that this is true, nor does he dispute that he was still on his probationary period when he was discovered napping.

Defendant has put forth evidence showing that sleeping during working hours is a dischargeable offense. It provided records of other people who were caught sleeping and who were disciplined. Although not every person was discharged, those that were discharged fell both within and without of the age protected class. Mr. Wanzo has not put forth any evidence of an employee, of any age, who was caught sleeping in front of patrons or during their probationary period, who was not discharged.[6] As he admitted to a fireable offense, and has not presented evidence to show that a younger, non-protected employee has been treated differently under similar circumstances, he cannot establish the last element of a prima facie case of discrimination, and cannot establish that age discrimination was the "but-for" cause of his termination.

B. Retaliation – Termination

Plaintiff's claim of retaliation is also based on indirect evidence and, therefore, requires him to preliminarily establish the following elements: (1) he engaged in a legally protected activity; (2) the exercise of this activity was known to the defendant; (3) thereafter, the defendant took employment action adverse to the plaintiff; and, (4) there was a causal connection between

---

[6] Mr. Wanzo cites the disciplinary records of a Ms. Pierson who is not in the protected age group, and who received a one day suspension for sleeping at work. She was, however, not in her probationary period, and was not caught sleeping in front of patrons in a public area of the recreation center. (ECF #24: Gissentaner Depo. at pg. 79-80). She is not, therefore, similarly situated to Mr. Wanzo for these purposes.

-15-

Defendant has presented evidence that this was a legitimate basis for his termination. Mr. Wanzo has not produced contrary evidence, and has not established that he was treated differently in this regard to other employees who were similarly situated. *See, Id.* Therefore, he has not satisfied his burden of showing that there is a material question of fact on his claim of retaliation in connection with his termination.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss and Motion for Summary Judgment (ECF #17) is hereby GRANTED in part and DENIED in part. Plaintiff's claim for age discrimination in connection with his termination is DISMISSED for lack of subject matter jurisdiction. Judgment is granted in favor of Defendant on Plaintiff's claim for retaliation in connection with his termination. The claim of age discrimination in connection with the denial of his application for promotion to Recreational Instructor II in 2013 remains for trial. Trial remains set for September 12, 2018 at 8:30 a.m. IT IS SO ORDERED.

_[signature]_
Judge Donald C. Nugent
United States District Judge

Date: _August 28, 2018_