IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WANZO, | ) | CASE NO. 1:17 CV 1163 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |

This case is before the Court on Plaintiff's Motion to Enforce Settlement Agreement. (ECF #31). Plaintiff asserts that the parties entered into an enforceable settlement agreement on September 7, 2018. Defendant, City of Cleveland, opposes the motion, contending that although the parties agreed to set terms, they, apparently, did not agree on the meaning or materiality of those terms. (ECF #32). The Court held a status conference on December 19, 2018, where the parties argued their sides and explained their respective understandings of the terms of the purported agreement. (ECF #34). At that time, they agreed to take some time to try to negotiate a resolution of the issue, but have been unable to come to an agreement. Both parties now agree that the Court should rule on Plaintiff's motion. Based on all of the information presented, the Court finds that the Plaintiff failed to prove by a preponderance of the evidence that an enforceable agreement had been reached. Plaintiff's motion is, therefore, DENIED.

A settlement agreement is an enforceable contract, setting forth terms that will suffice to terminate the litigation. *See Continental West Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1996). A valid settlement agreement must arise from a meeting of the minds, and must contain an offer and acceptance of the essential or material terms of the agreement. *See, e.g., Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997); *Episcopal Retirement Home, Inc. v. Ohio Dept. Of Indus., Relations*, 61 Ohio St.3d 366, 369 (1991); *Noroski v. Fallet*, 2 Ohio St.3d 77, 79 (1982). In a contract dispute, such as this, the Plaintiff has the burden of proving the existence of a contract by the preponderance of the evidence. Plaintiff in this case has not been able to satisfy this burden.

There is no question that the parties were negotiating and attempting to come to an agreement that would settle this litigation, and that both sides believed that they had reached such an agreement. In fact, they jointly called the court to report that a settlement had been achieved. However, it now appears that the parties had never actually achieved a meeting of the minds.

The relevant material terms agreed upon by the parties on September 7, 2018 were as follows:

(1) The City would pay Mr. Wanzo $15,000.00 to cover all of his claims, current and future, with the exception of his single pending grievance/arbitration related to his termination.

(2) There would be a no re-hire provision in which Mr. Wanzo agreed not to apply for any positions or Civil Service Examination within the City for a period of five years; and at the end of five years would forever agree not to apply for any positions or Civil

Service Examinations related to the Department of Public Works.

The agreement also specified that the City would be under no obligation to hire Mr. Wanzo in the event he did apply for any of the aforementioned positions.

These terms, though seemingly straightforward, were ambiguous as to whether the no re-hire provision was intended to limit reinstatement as a potential remedy in Mr. Wanzo's grievance arbitration. Plaintiff believed that no such limitation was included or implied, arguing that reinstatement was different from Mr. Wanzo's ability to apply for future positions, and therefore not precluded by the agreement. The City believed that reinstatement would fall within the no re-hire agreement, and that this was the main benefit they would be receiving through the agreement. When Plaintiff received a draft of the formal settlement agreement, which specified that he would be precluded from obtaining reinstatement as part of any grievance/arbitration award, the misunderstanding between the parties was brought to light, and he informed the Defendant that this was not something he had agreed to in the original discussions. Both parties agree that this issue was material to them meeting of the minds with regard to the formation of a binding settlement agreement. Further, Plaintiff has failed to establish by a preponderance of the evidence, that either party accepted the material terms of the other side's proposal.

## CONCLUSION

For all of the reasons set forth above, Plaintiff's Motion to Enforce Settlement is DENIED. Trial in this matter is scheduled for March 18, 2019 at 8:30 a.m.

IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent,
United States District Judge

Date: January 3, 2018